## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL JAMES,** | : | **CIVIL ACTION NO. 1:10-CV-0791** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN WILLIAM SCHISM,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

Petitioner Michael James ("James"), a federal inmate confined at the Low

Security Correctional Institution at Allenwood, Pennsylvania, filed the instant

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 14, 2010.

(Doc. 1.) He challenges the decision of the Federal Bureau of Prisons (BOP) to limit

the portion of his sentence served in a residential re-entry center ("RRC") to 150-

180 days on the basis that it runs afoul of the Second Chance Act of 2007.

The petition is presently ripe for disposition. For the reasons set forth below,

the petition will be denied.

## I. Background

James is presently serving a 114-month sentence for armed bank robbery in

violation of 18 U.S.C. § 2113(d) and possession of a firearm during a crime of

violence in violation of 18 U.S.C. § 924(c), with a projected release date, including

earned good time credit, of March 16, 2011. (Doc. 1-3, Declaration of Michael James

("James Decl."), at 1, ¶ 3; Doc. 8-2, Declaration of Jon Cramer, Case Manager at the

Low Security Correctional Institution at Allenwood ("Cramer Decl.") at 3, 4, ¶ 3.)

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law. The Act increases the duration of pre-release placement in an RRC from six to twelve months and requires the BOP to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008). Thereafter, the BOP issued two guidance memoranda, dated April 14, 2008 (Doc. 8-2, at 7-16), and November 14, 2008 (Doc. 8-3, at 22-34), both of which required approval from the Regional Director for RRC placements of longer than six months. Interim regulations passed on October 21, 2008, state that "[i]nmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a). Moreover "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22 (Oct. 22, 2008).

Recommendations for RRC placement are ordinarily reviewed with the inmate and unit team seventeen to nineteen months prior to the inmate's probable release date. (Doc. 8-2, Cramer Decl., at 4, ¶ 5.) Referrals are then forwarded to the Community Corrections Manager at least sixty days prior to the maximum

2

recommended date. (Id. at ¶ 6, citing BOP Program Statement 7310.04, Community

Corrections Center Utilization and Transfer Procedures.) "These

recommendations and referrals are based on assessments of inmate needs for

services, public safety, and the necessity of the Bureau to manage its inmate

population responsibly. Essentially, when assessing an inmate for

recommendation, the Unit Team reviews the resources of the placement facility, the

resources available to the inmate in that area, the nature and circumstances of the

inmate's offense, the history and characteristics of the inmate, and any other

pertinent information or documents that will assist with his placement at an RRC

[as required under 18 U.S.C. § 3621]." (Id. at 4, 5, ¶¶ 7, 8.)

On July 9, 2009, a reconsideration review was completed for James by his

unit team as follows:

> Upon completion of this review, it was determined that: 1) an RRC in
> Philadelphia should maintain adequate re-entry resources and necessary
> substance abuse programming; 2) there were no known Court
> recommendations; 3) there were no known policy statements by the U.S.
> Sentencing Commission; 4) James's sentence length was considered as
> well as the fact that he completed four release preparation courses. He
> has a high school diploma and skills as a forklift operator, as a painter,
> carpenter, and experience in factory work. Although he has not secured
> residency, he has saved a significant amount of money for release
> preparation. In addition, it was noted that James incurred several
> incident reports during his term of incarceration and; 5) his current
> offenses.

(Id. at 5, ¶ 9; Doc. 8-3, at 16.) On January 29, 2010, an institutional referral was

completed recommending an RRC placement of 150-180 days. (Doc. 8-2, at 5., ¶ 10;

Doc. 8-3, at 17.) The warden signed the referral assenting to the recommended

placement of 150-180 days, resulting in an RRC placement date of September 21, 2010.  (Id.)

James notes that the BOP failed to consider that he completed a fifth course entitled "Employment Readiness Class" on November 12, 2009.  (Doc. 9, at 7.)  In addition, he is in the process of entering a sixth class and is "willing to participate in any and all appropriate facility-approved programs upon his designation to community confinement."  (Id. at 2, ¶ 3.)

Prior to filing the instant petition, James fully exhausted his administrative remedies.  (Doc. 2, at 5; Doc. 9, at 2, ¶ 6.)

## II.    Discussion

Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.' " Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001).  The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)).  Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c) (3)).  This includes a challenge to the BOP's decision to exclude an inmate from release to an RRC.  Woodall v. Fed. Bureau of Prisons, 432

F.3d 235, 242, 243-44 (3d Cir. 2005) (quoting <u>Jimian v. Nash</u>, 245 F.3d 144, 147 (2d Cir. 2001)).

The BOP has authority to determine inmate placements according to 18 U.S.C. §§ 3621(b) and 3624(c). Section 3621(b) gives the BOP authority to determine the location of an inmate's imprisonment by considering (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the sentencing court concerning the purpose for which the sentence was imposed or a recommendation of a particular type of correctional facility; (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. Section 3624(c) "describes the BOP's obligation to prepare prisoners for community re-entry by, *inter alia*, placing them in community confinement." <u>Woodall</u>, 432 F.3d at 239. When considering an individual's eligibility for pre-release placement in an RRC, the BOP is required to ensure that decisions are made: (A) consistent with the five factors in 18 U.S.C. § 3621(b); (B) on an individualized basis; and (C) so that the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6).

"Petitioner requests that he be designated for the final nine months, not to exceed twelve months of his sentence, by RRC placement pursuant to the provisions of the Second Chance Act, 18 U.S.C. § 3624(c), 73 Fed. Reg. 62440, rather than the five (5) to six (6) months recommended placement that he received from

5

Respondent." (Doc. 2, at 6.) In support of this request, he argues that "[i]nstead of applying the plain language of section 3624(c), Respondent instead relied on the policy guidelines contained in the BOP's April 14, 2008 Memorandum, the October 21, 2008 Memorandum, and Program Statement 7310.04, which artificially placed a six-month upper limit on the duration of RRC placement that staff can recommend without the approval of the Regional Director. In doing so, Respondent denied the Petitioner the individualized determination of the amount of time in a RRC, up to twelve (12) months, that would be sufficient duration to provide the greatest likelihood of successful reintegration into the community, as required by 18 U.S.C. § 3624(c)(6)." (Id.) It is his position that "the BOP continues to follow the constraints in the guidance memorandum of April 14, 2008, despite the fact the BOP adopted regulation on October 21, 2008, to implement amended 3624(c) which do not contain the limiting criteria of the April 14, 2008 memorandum but instead essentially recite the requirements of 3624(c) and (c)(6)." (Id. at 8) (citation omitted.)

In cases such as the matter *sub judice*, where the RRC placement decision was made after the BOP issued the October 28, 2008 regulations, courts have consistently held that the Second Chance Act affords the BOP discretionary authority to transfer an inmate to an RRC, for up to twelve months prior to the inmate's release date, after considering the factors set forth in section 3621(b). See Stokes v. Norwood, No. 10-5645, 2010 WL 1930581, at *6 (D.N.J. May 12, 2010) (collecting cases); see also, Wires v. Bledsoe, No. 09-2247, 2010 WL 427769, at * 4

6

(M.D.Pa. Feb. 3, 2010) (finding that the record clearly established that petitioner's unit team gave petitioner individualized consideration for RRC placement consistent with the five factors of section 3621(b)).

In evaluating James's eligibility for RRC placement, the unit team considered the nature of the offenses of Armed Bank Robbery and Possession of a Firearm, see § 3621(b)(2), and the fact that he had no prior convictions.  (Doc. 8-3, at 16.)  Also considered was the fact that there was no judicial recommendation regarding RRC.  See § 3621(b)(4).  James's personal history and characteristics were also evaluated by the unit team, see § 3621(b)(3).  For instance, it was recognized that he completed four release preparation program courses, had previously obtained a high school diploma, and possessed an array of work skills such as forklift operator, painter, carpenter, and factory worker.  (Doc. 8-3, at 16.)  Although he had not yet secured a residence, he was single, had no children and had amassed more than $5,000.00 in savings.  (Id.)  The record in this case clearly establishes that James's unit team gave him individualized consideration consistent with the factors of section 3621(b).  Consequently, the petition for writ of habeas corpus will be denied.

## III.    **Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order follows.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        June 30, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL JAMES,** | : | **CIVIL ACTION NO. 1:10-CV-0791** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN WILLIAM SCHISM,** | : | |
| | : | |
| **Respondent** | : | |

## <u>ORDER</u>

AND NOW, this 30th day of June, 2010, in accordance with the

accompanying memorandum, it is hereby ORDERED that:

1.    The petition for writ of habeas corpus (Doc. 1) is DENIED.

2.    The Clerk of Court is directed to CLOSE this case.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge